Filed 9/2/15  Fontes v. JP Morgan Chase Bank, N.A. CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

| | |
|---|---|
| LAURA FONTES, | |
| Plaintiff and Appellant, | E060482 |
| v. | (Super.Ct.No. CIVRS1200352) |
| JP MORGAN CHASE BANK, N.A., | O P I N I O N |
| Defendant and Respondent. | |

APPEAL from the Superior Court of San Bernardino County.  Janet M. Frangie, Judge.  Affirmed.

Law Office of Lotfy Mrich and Lotfy Mrich for Plaintiff and Appellant.

AlvaradoSmith, John M. Sorich, S. Christopher Yoo, and Jenny L. Merris for Defendant and Respondent.

Plaintiff and appellant, Laura Fontes (Fontes), appeals from an order sustaining the demurrer of defendant and respondent, JP Morgan Chase Bank, N.A. (Chase), to the first amended complaint without leave to amend and from an order dismissing the case

1

against Chase. We affirm the order sustaining the demurrer without leave to amend and the order of dismissal on the ground that Fontes has utterly failed to demonstrate that the trial court erred or that it abused its discretion.

## I. FACTS AND PROCEDURE

In relevant part, Fontes alleges as follows: In April 2007, Fontes borrowed $376,000 from Aegis Wholesale Corporation for the purchase of a home. Under the terms of the adjustable rate note, May 2012 was the earliest the rate could be adjusted. Chase, however, accelerated the interest rate hike "as early as June 2011." Fontes does not understand how Chase became involved in her loan. Chase is "the latest servicing of the loan after a series of other companies." Chase is not, and never was, a holder of the note and deed of trust, nor was it properly substituted as trustee to be the real party in interest. Fontes was not in default when Chase initiated foreclosure and failed to render an accurate accounting. Fontes made her payments of $1,600 per month. Chase converted her payments by locking them in a certificate of deposit account rather than applying them to the loan.

Chase requested judicial notice of a number of documents that disclosed the following: In April 2012, Aegis Wholesale Corporation assigned the note and deed of trust evidencing the loan to Citibank, N.A., in trust. In June 2012, Citibank caused to be filed a substitution of trustee substituting California Reconveyance Company as trustee under the deed of trust in place of the original trustee. On June 11, 2012, California

2

Reconveyance Company recorded its notice of default and election to sell under deed of trust, and on September 12, 2012, it recorded its notice of trustee's sale.

Chase's demurrer to all causes of action in which it was named in the complaint was sustained on March 20, 2013, with 30 days leave to amend. Fontes filed her first amended complaint on July 22, 2013, naming Chase in causes of action for negligence, conversion, and quiet title. Chase demurred. In her response to the demurrer, Fontes requested that the cause of action for quiet title be dismissed without prejudice. At the hearing on the demurrer on December 18, 2013, the court granted Fontes's request to dismiss the quiet title cause of action without prejudice and sustained Chase's demurrer without leave to amend.[1] This appeal followed.

## II. DISCUSSION

A. *Standard of Review*

"An appealed judgment is presumed correct, and the appellant must affirmatively demonstrate error. [Citation.]" (*Rayii v. Gatica* (2013) 218 Cal.App.4th 1402, 1408.)

"On appeal, we review the trial court's sustaining of a demurrer without leave to amend de novo, exercising our independent judgment as to whether a cause of action has been stated as a matter of law. [Citations.] We assume the truth of properly pleaded

---

[1] We note with concern that Fontes's trial counsel, who is also her appellate counsel, twice at the December 18, 2013, hearing accused the trial court of reading only Chase's pleadings but not Fontes's pleadings.

3

allegations in the complaint and give the complaint a reasonable interpretation, reading it as a whole and with all its parts in their context. [Citations.] However, we may disregard allegations which are contrary to law or to a fact of which judicial notice may be taken. [Citations.] [¶] We apply the abuse of discretion standard in reviewing the trial court's denial of leave to amend. [Citations.] When a demurrer is sustained without leave to amend, we determine whether there is a reasonable probability that the defect can be cured by amendment. [Citation.]" (*V.C. v. Los Angeles Unified School Dist*. (2006) 139 Cal.App.4th 499, 506.) The burden of proof on this belongs to the appellant. (*Id.* at pp. 506-507.)

B. *Fontes's Contentions*

Under the standards set forth above, Fontes has failed to meet her burden to establish error. Fontes's counsel does not contend, even in conclusory terms, that the trial court erred in sustaining the demurrer to the two causes of action in which Chase is named. Counsel makes no attempt to demonstrate how the facts alleged make out a cause of action against Chase on any theory. Instead, counsel argues that Fontes should be permitted to amend the complaint to add Chase as a defendant in the causes of action *other* than the two before this court, or that Fontes should be permitted to amend the complaint to add causes of action against Chase that were not alleged against any party in the first amended complaint. Such requests should have been first addressed to the trial court.

4

"As a general rule, 'issues not raised in the trial court cannot be raised for the first time on appeal.' [Citation.]" (*Sea & Sage Audubon Society, Inc. v. Planning Com.* (1983) 34 Cal.3d 412, 417.) "On a number of occasions, however, appellate courts have relaxed this rule and have permitted a party to raise belatedly 'a pure question of law which is presented on undisputed facts.' [Citations.] This forgiving approach has been most frequently invoked when 'important issues of public policy are at issue.' [Citations.]" (*Ibid.*) In this case, Fontes has presented no "important issue of public policy." Hence, we will not relax the general rule that litigants must first present their case to the trial court, not to the Court of Appeal.

This appeal is meritless.

### III. Disposition

The order sustaining Chase's demurrer without leave to amend is affirmed. The judgment of dismissal is affirmed. Chase shall recover its costs on appeal.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

CUNNISON
J.*

We concur:

RAMIREZ
P. J.

McKINSTER
J.

---

* Retired judge of the Riverside Superior Court assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.